**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WALTER TORMASI, | : | |
| | : | Civil Action No. 07-5683 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GEORGE W. HAYMAN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Walter Tormasi
New Jersey State Prison
Second & Cass Streets
P.O. Box 861
Trenton, NJ 08625

**PISANO**, District Judge

Plaintiff Walter Tormasi, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.   <u>BACKGROUND</u>

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff was sentenced to a term of life imprisonment upon his conviction for murder in the Superior Court of New Jersey, Trial Division, Somerset County, in 1998, and is presently confined in New Jersey State Prison.  Following completion of his direct appeals, Plaintiff in 2002 filed an initial petition for post-conviction relief in the trial court, accompanied by a 568-page appendix.  In 2005, Plaintiff filed a supplemental petition for post-conviction relief, accompanied by a 520-page appendix. In December 2006, or January 2007, Plaintiff filed a second supplemental petition for post-conviction relief, including a 1209-page appendix.

Plaintiff asserts that, on January 10, 2006, all of his court filings were seized, read, and retained by certain corrections officials.  On January 12, 2006, Defendant Investigator Butler issued three disciplinary charges, including possession of anything not authorized for retention or receipt (N.J.A.C. 10A:4-4.1(a) .210), conduct which disrupts or interferes with the security or orderly running of the correctional facility (N.J.A.C. 10A:4-4.1(a) .306), and attempted commission of conduct which disrupts (N.J.A.C. 10A:4-4.1(a) .803).  Plaintiff was found guilty of these charges and received

2

various sanctions, including 270 days loss of commutation credits.  Plaintiff appealed this disciplinary decision to the Appellate Division of the Superior Court of New Jersey, which affirmed the administrative decision.  See Tormasi v. New Jersey Department of Corrections, 2007 WL 845921 (N.J. Super. App. Div. 2007).[1]  No further appeals are reported or described by Plaintiff.

Plaintiff pursued various administrative remedies to challenge the policy or practice permitting the seizure and review of his court filings.  Defendant Associate Administrators Pamela Trent and Al Kandell denied his administrative appeals.

Again, on March 3, 2007, corrections officials seized, reviewed, and retained all of Plaintiff's court filings in his possession.  Plaintiff was then interrogated by Defendant SID Interrogators Wojciechowicz, Sierra, and Maginnis.  Defendant Wojciechowicz advised Plaintiff that the confiscated court filings were "contraband" and threatened to take disciplinary action against Plaintiff.

_____

[1] This Court will take judicial notice of the dockets of other courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

In April and/or May 2007, Plaintiff wrote to Defendant Department of Corrections Director James Barbo and Defendant SID Investigator Wojciechowicz to request the return of his court filings. As of the date of filing this Complaint, Plaintiff alleges that he has been unsuccessful in securing the return of his documents. Plaintiff alleges that he is "afraid to file future pleadings with the courts unless such pleadings are first read and censored by defendants." Plaintiff alleges that he needs his confiscated legal documents in order to be able to effectively attack his criminal convictions. Plaintiff alleges that the confiscations of his documents were based upon prison officials' objections to the content of the appendices.[2]

Plaintiff asserts that he has been deprived of his constitutional rights of access to the courts. In addition, Plaintiff alleges that the policy and practice[3] described in the Complaint is "selectively enforced" only against him, in violation of his constitutional right to equal protection of the

---

[2] Plaintiff does not elaborate as to the nature of the "content" to which the prison officials allegedly object.

[3] To clarify, this Court understands the challenged policy or practice to include (1) substantive review of outgoing mail addressed to courts, (2) confiscation of intended court filings based upon objections to the content of the filings, that is, the "ideas and concepts" expressed therein, and (3) the issuance of disciplinary charges based upon corrections officials' objections to the content of the confiscated legal documents.

laws, because of prison officials' objections to the "ideas and concepts" expressed in his court filings.

Plaintiff names as defendants Department of Corrections Commissioner George W. Hayman, DOC Division of Operations Director James Barbo, New Jersey State Prison Administrator Ronald H. Cathel, NJSP Associate Administrator Al Kandell, NJSP Associate Administrator Donald Mee, Jr., NJSP Associate Administrator Pamela Trent,[4] NJSP Associate Administrator Michelle Ricci, Special Investigations Division Investigators Butler, Dolce, Maginnis, Sierra, and Wojciechowicz. Plaintiff seeks declaratory relief that he is entitled to possession of the confiscated court filings, injunctive relief to return the documents to him and to prevent defendants from reading or confiscating his court filings in the future, compensatory damages, and punitive damages.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a

---

[4] The Clerk of the Court will be directed to correct the docket to reflect that Associate Administrator Pamela Trent is an additional named defendant.

5

governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). <u>See also</u> <u>Morse v. Lower Merion School</u>

Dist., 132 F.3d at 906 (a court need not credit a pro se
plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact." Neitzke v. Williams, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)). The standard for evaluating whether a
complaint is "frivolous" is an objective one. Deutsch v. United
States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a
district court may not dismiss the complaint with prejudice, but
must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34
(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d
Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane
v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal
pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg
County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules
of Civil Procedure. Rule 8(a)(2) requires that a complaint
contain "a short and plain statement of the claim showing that
the pleader is entitled to relief." Rule 10(b) provides:

> A party must state its claims ... in numbered
> paragraphs, each limited as far as practicable to a
> single set of circumstances. ... If doing so would
> promote clarity, each claim founded on a separate
> transaction or occurrence ... must be stated in a
> separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added). See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

## III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48

8

(1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   <u>ANALYSIS</u>

A.   <u>Access to Courts Claim</u>

Plaintiff argues that the policy and/or practice of opening, reading, and confiscating his legal materials, specifically, appendices to petitions for post-conviction relief, violates his right of access to the courts.  (Complaint, Count I.)

The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances.  <u>Bill Johnson's Restaurants, Inc. v. NLRB</u>, 461 U.S. 731, 741 (1983).  In addition, the constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights.  <u>Procunier v. Martinez</u>, 416 U.S. 396, 419 (1974), <u>overruled on other grounds</u>, <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-14 (1989).  <u>See also Peterkin v. Jeffes</u>, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988) (chronicling various constitutional sources of the right of access to the courts).

In <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in

9

the preparation and filing of meaningful legal papers by
providing prisoners with adequate law libraries or adequate
assistance from persons trained in the law."  The right of access
to the courts is not, however, unlimited.  "The tools [that
Bounds] requires to be provided are those that the inmates need
in order to attack their sentences, directly or collaterally, and
in order to challenge the conditions of their confinement.
Impairment of any other litigating capacity is simply one of the
incidental (and perfectly constitutional) consequences of
conviction and incarceration."  Lewis v. Casey, 518 U.S. 343, 355
(1996) (emphasis in original).

There is, for example, no "abstract, freestanding right to a
law library or legal assistance, [and] an inmate cannot establish
relevant actual injury simply by establishing that his prison's
law library or legal assistance program is subpar in some
theoretical sense.  ...  [T]he inmate therefore must go one step
further and demonstrate that the alleged shortcomings in the
library or legal assistance program hindered his efforts to
pursue a [non-frivolous] legal claim.  He might show, for
example, that a complaint he prepared was dismissed for failure
to satisfy some technical requirement which, because of
deficiencies in the prison's legal assistance facilities, he
could not have known.  Or that he had suffered arguably
actionable harm that he wished to bring before the courts, but

was so stymied by inadequacies of the law library that he was
unable to file even a complaint." Lewis, 518 U.S. at 351.

In describing the scope of services which must be provided
by the state to indigent prisoners, the Supreme Court has stated,
"[i]t is indisputable that indigent inmates must be provided at
state expense with paper and pen to draft legal documents, with
notarial services to authenticate them, and with stamps to mail
them. ... This is not to say that economic factors may not be
considered, for example, in choosing the methods used to provide
meaningful access. But the cost of protecting a constitutional
right cannot justify its total denial." Bounds, 430 U.S. at 824-
25, clarified on other grounds, Lewis v. Casey, 518 U.S. 343.
Thus, "there is no First Amendment right to subsidized mail or
photocopying. [Instead], the inmates must point to evidence of
actual or imminent interference with access to the courts."
Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).

In addition, one alternative for providing prisoners
meaningful access to the courts is the provision of counsel. See
e.g., Bounds, 430 U.S. at 828 (approving the provision of
"adequate assistance from persons trained in the law"); Rauso v.
Zimmerman, 2006 WL 3717785, *4 (M.D. Pa. 2006) (collecting

cases); <u>Pressley v. Johnson</u>, 2006 WL 2806572, *5 (W.D. Pa. 2006)
(collecting cases).[5]

    Moreover, a prisoner alleging a violation of his right of
access must show that prison officials caused him past or
imminent "actual injury."  <u>See</u> <u>Lewis</u>, 518 U.S. at 348-55 and n.3
(1996); <u>Oliver v. Fauver</u>, 118 F.3d 175, 177-78 (3d Cir. 1997)
(involving an access-to-courts claim deriving from the opening
and refusal to send mail addressed to a court clerk and including
a notice of appeal and a legal brief).  Whether Plaintiff is
complaining of a lost past or future claim, he must state the
merits of the underlying cause of action and its lost remedy.
<u>See</u> <u>Christopher v. Harbury</u>, 536 U.S. 403, 415-18 (2002); <u>Lewis v.
Casey</u>, 518 U.S. at 353 n.3, 354.  "[T]he complaint should state
the underlying claim in accordance with Federal Rule of Civil
Procedure 8(a) just as if it were being independently pursued."
<u>Christopher v. Harbury</u>, 536 U.S. at 417 (footnote omitted).  The
court will then analyze the underlying claim to ensure that "the
nature of the underlying claim is more than hope."  <u>Id.</u> at 416.

    Here, Plaintiff does allege that the court proceedings at
issue, collateral attacks on his conviction, are of the type
protected by the constitutional right of access to the courts.
He has failed to allege, however, any past or imminent "actual

---

    [5] Plaintiff does not state whether he is represented by
counsel in his state post-conviction relief proceedings.

injury" arising out of the confiscation of his appendices or the
perceived threat of disciplinary proceedings should he file a
legal document in the future containing content to which prison
officials object.  Plaintiff does not allege that he presently
desires to file a protected type of claim or brief but is
precluded from doing so by fear of disciplinary action.  Indeed,
the Court notes that Plaintiff apparently was able to file,
without adverse consequence, this Complaint asserting personal
liability on the part of the alleged wrongdoers.  With respect to
the motions for post-conviction relief, the appendices to which
were confiscated, Plaintiff fails to describe the underlying
claims in a manner that would permit this Court to ensure that
they are not frivolous.  Cf.  Oliver v. Fauver, 118 F.3d 175;
Harcum v. Shaffer, 2007 WL 4167161, *7 (E.D. Pa. 2007).  Nor has
Plaintiff alleged any adverse result in the post-conviction
relief litigation due to the absence of the confiscated
appendices.  Accordingly, Plaintiff has failed to state a claim
for violation of his right of access to the courts.

B.   Selective Enforcement Claim

     Plaintiff contends that the policy and practice of the
defendant prison officials described in the Complaint "are not
enforced against others similarly situated, but, rather, are
selectively enforced only against plaintiff specifically," in
violation of Plaintiff's right to equal protection under the

Fourteenth Amendment to the U.S. Constitution.  (Complaint, Count II.)

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982); Artway v. Attorney General of New Jersey, 81 F.3d 1235, 1267 (3d Cir. 1996).  Its purpose "is to secure every person ... against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Thus, an individual may assert a "class of one" equal protection claim "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Id.

"Class of one" claims lie "in a murky corner of equal protection law in which there are surprisingly few cases and no clearly delineated rules to apply." LeClair v. Saunders, 627 F.2d 606, 608 (2d Cir. 1980).  The Court of Appeals for the Third Circuit has held, in one of few precedential opinions addressing the "class of one" theory:

14

> Our court has not had the opportunity to consider the
> equal protection "class of one" theory at any length.
> From the text of <u>Olech</u> itself, however, it is clear
> that, at the very least, to state a claim under that
> theory, a plaintiff must allege that (1) the defendant
> treated him differently from others similarly situated,
> (2) the defendant did so intentionally, and (3) there
> was no rational basis for the difference in treatment.

<u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 239 (3d Cir. 2006).

To survive dismissal, a "class of one" claim need not "name

names" of persons who have been treated differently, but may be

based upon a general allegation of differential treatment.  <u>See</u>

<u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 243-246 (3d Cir.

2008).

Here, Plaintiff alleges two distinct equal protection

claims: (1) that he was subjected, in 2006, to a disciplinary

proceeding and loss of 270 days of commutation credits in

violation of his equal protection rights, and (2) that certain

legal documents were opened, reviewed, and confiscated, and that

he has been threatened with future disciplinary proceedings if he

should attempt to file legal documents that are objectionable to

corrections officials, all in violation of his equal protection

rights.

Because the January 2006 incident of alleged "selective

enforcement" in the form of a disciplinary proceeding resulted in

a loss of commutation credits, and the results of the

disciplinary proceeding have not been invalidated through habeas

or some other appropriate proceeding, any claim based upon that incident must be dismissed without prejudice as premature.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again,

16

the Court rejected § 1983 as a vehicle to challenge the
lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence
> that has <u>not</u> been so invalidated is not cognizable
> under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further
instructed district courts, in determining whether a complaint
states a claim under § 1983, to evaluate whether a favorable
outcome would necessarily imply the invalidity of a criminal
judgment.

> Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a
> judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.  But if the
> district court determines that the plaintiff's action,
> even if successful, will <u>not</u> demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that
"a § 1983 cause of action for damages attributable to an
unconstitutional conviction or sentence does not accrue until the
conviction or sentence has been invalidated."  <u>Id.</u> at 489-90.

17

More recently, in <u>Edwards v. Balisok</u>, 510 U.S. 641 (1997), the Supreme Court applied the lessons of <u>Preiser</u> and <u>Heck</u> to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment.  520 U.S. at 646-8.

Here, a favorable outcome on the claim that in 2006 Plaintiff was subjected to a disciplinary proceeding in violation of his equal protection rights, and that resulted in a loss of good time credits, would necessarily imply the invalidity of the challenged disciplinary proceeding and would affect the calculation of his sentence.  This challenge to the loss of good time credits must be brought in a habeas action following exhaustion of state remedies.  Accordingly, the § 1983 claim based upon this event is premature and must be dismissed without prejudice.

However, the claim that the policy of opening, reviewing, and confiscating certain legal documents, and of threatening disciplinary action for objectionable content in legal documents,

18

is enforced selectively against Plaintiff, in violation of his equal protection rights, is sufficient to avoid dismissal at this screening stage of the litigation.  Cf. Harcum v. Shaffer, 2007 WL 4167161 (E.D. Pa. 2007).

The question that remains is, against which defendants has Plaintiff stated this equal protection claim.  Plaintiff alleges that all of the named defendants "acting jointly and severally, have implemented and/or executed a policy and practice of (1) reading plaintiff's court filings in his criminal case: (2) confiscating said court filings if such filings contained written content disapproved of by defendants; and (3) taking or threatening to take disciplinary action against plaintiff for plaintiff's possession of his confiscated court filings." (Complaint, ¶ 13.)  Thus, Plaintiff has alleged personal involvement on the part of all defendants.[6]  This equal protection claim may proceed as against all defendants.

## V.   CONCLUSION

For the reasons set forth above, the claims (1) that Plaintiff was denied his constitutional right of access to the

---

[6] "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

courts, and (2) that Plaintiff was denied his equal protection rights in connection with the 2006 disciplinary proceeding, will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim for violation of right of access to the courts, the Court will grant Plaintiff leave to file an amended complaint.[7]  The remaining equal protection/selective enforcement claim may proceed as against all defendants.  An appropriate order follows.

<u>    Joel A. Pisano        </u>
Joel A. Pisano
United States District Judge

Dated: May 6, 2008

---

[7] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  <u>Id.</u>  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  <u>Id.</u>